## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Western District of Tennessee |
|---|---|

| Name (under which you were convicted): Patrick Phillips | Docket or Case No.: 13-03536 AG#NV6247 |
|---|---|

| Place of Confinement: Shelby County Jail - 201 Poplar Avenue Memphis, TN 38103 | Prisoner No.: 13128462 (Aug. 2013-Oct. 2015) and 18120162 (Sept. 2018-present) |
|---|---|

| Petitioner (include the name under which you were convicted) Patrick Phillips | v. | Respondent (authorized person having custody of petitioner) State of Tennessee |
|---|---|---|

The Attorney General of the State of: Tennessee

**PETITION**

RECEIVED
20 JAN 17 PH 2:48
THOMAS M. GOULD
CLERK US DISTRICT COURT
W/D OF TN MEMPHIS

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Shelby County Criminal Court, Division 9, 7th Floor
   Criminal Justice Complex
   Memphis, Tennessee 38103

   (b) Criminal docket or case number (if you know): 13-03536 AG#AV6247

2. (a) Date of the judgment of conviction (if you know): October 18, 2019

   (b) Date of sentencing: November 30, 2018

3. Length of sentence: Twenty-seven (27) years at One Hundred percent (100%)

4. In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Rape of a child-TCA 39-13-522 and Aggravated Sexual Battery TCA 39-13-504

6. (a) What was your plea? (Check one)

   ☑ (1) Not guilty      ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty          ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☑ Jury     ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☑ Yes     ☐ No

8. Did you appeal from the judgment of conviction?

    ☐ Yes     ☑ No

9. If you did appeal, answer the following:

(a) Name of court:     N/A

(b) Docket or case number (if you know):     N/A

(c) Result:     N/A

(d) Date of result (if you know):     N/A

(e) Citation to the case (if you know):     N/A

(f) Grounds raised:     N/A

(g) Did you seek further review by a higher state court?     ☐ Yes     ☑ No

    If yes, answer the following:

    (1) Name of court:     N/A

    (2) Docket or case number (if you know):     N/A

    (3) Result:     N/A

(4) Date of result (if you know): N/A

(5) Citation to the case (if you know): N/A

(6) Grounds raised: N/A

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☐ Yes ☑ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑ No

(7) Result: N/A

(8) Date of result (if you know): _____ N/A _____

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____ N/A

    (2) Docket or case number (if you know): _____ N/A _____

    (3) Date of filing (if you know): _____ N/A _____

    (4) Nature of the proceeding: _____ N/A _____

    (5) Grounds raised: _____ N/A _____

_____

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☑ No

    (7) Result: _____ N/A _____

    (8) Date of result (if you know): _____ N/A _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____ N/A

    (2) Docket or case number (if you know): _____ N/A _____

    (3) Date of filing (if you know): _____ N/A _____

    (4) Nature of the proceeding: _____ N/A _____

    (5) Grounds raised: _____ N/A _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑ No

(7) Result: _N/A_

(8) Date of result (if you know): _N/A_

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition: ☐ Yes ☑ No

(2) Second petition: ☐ Yes ☑ No

(3) Third petition: ☐ Yes ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

As of today's date: (1) I have **Never** Met the Appellate Attorney appointed to be My counsel, (2) I have **Never** been contacted by this Attorney regarding My appeal and, (3) I have **No representation**.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE: Denial of Due Process of Law (NOTE: Please see attached additional page No. 1 for the continuation of GROUND ONE (a))

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Bartlett Police Department, Tennessee Department of Children's Services, and Shelby County District Attorney General's Office, **jointly** and **collectively**, fabricated a false portrayal of Me being a fugitive whose whereabouts were **UNKNOWN** and whose contact information was **invalid**. Due to this **deliberate** and **wanton** Misconduct by government agencies, the prosecution against Me commenced by way of a Grand Jury granting a **Malicious request** (Made on **March 1, 2013** and granted on **August 2, 2013**) to issue an **Out-of-Custody Indictment** for the purpose of **intentionally**

(b) If you did not exhaust your state remedies on Ground One, explain why: _Over the course of six(6) years(2013-2019)_

I have submitted **Numerous** complaints, regarding **this** and **other grounds**, to the trial court, Board of Professional Responsibility, Board of Judicial Conduct, Tennessee Bureau of Investigations, United States Department of Justice, and **other entities** that have been unable and/or unwilling to assist Me in receiving remedies for this and other Matters. I have foretold the aforementioned entities of Methods/tactics orchestrated to deliberately sabotage remedies (pre-trial and after). It has been **over** sixty(60) days and the Appellate Counsel appointed to My case has shown **No sign** of even introducing herself. Federal intervention is My only **true** remedy.

denying/automatically waiving My right to having a Preliminary Hearing (without My voluntary consent). In reality, an **overwhelming** amount of evidence, **directly available** to the State **or** already within its **direct possession**, irrefutably proves that the government **has always** been **fully aware** of My **exact whereabouts** and, likewise, opportunities presenting a **number** of **precise instances** to make contact with Me (physical, electronic, and/or telecommunications) throughout the **entire duration** of the false "investigation" it claims to have conducted. This evidence includes:

(1) Knowledge of My attendance and presence **inside** a Bartlett Police Department facility during **its own** application and pre-employment testing process for Police Dispatcher, which was **initiated, scheduled,** and **confirmed** via an **active** Belhaven University student **email address/account** (patrickphillips@students.belhaven.edu)

(2) Knowledge of My place of higher learning/educational institution (**Belhaven University-Memphis**), where I maintained **full-time** honors student status with My **campus and classroom presence** confirmed by 2013 Spring and Summer Semester campus server **logins** and attendance records.

(3) Knowledge of My place of employment (**America's Incredible Pizza Company-Cordova**), where I reported for duty using a **biometric scan** of My fingerprint and maintained a **35-40(+) hour work week** until changing employers in **April of 2013 (more than one(1) month after** the Bartlett Police Department is documented in **official government reports/records** as claiming:

    a) **inability to locate** and/or **contact Me**

    b) listing Me as being **at large** in a request for a Grand Jury to issue an **Out-of-Custody Indictment** (a request made on **March 1, 2013**)

    c.) issuance of an **All Points Bulletin** for Me (done **on or before March 8, 2013**; effectively **concluding** its "investigation.")

(4) A City of Bartlett Traffic Citation (APR No. 13-00001393, MINI #13-0008309, Incident # 1303210027) and Municipal Court of the City of Bartlett, Tennessee Traffic Court records (**Docket #13-5869**), which confirm My **presence, signature,** and **promise** to abide by the rules mandated by the Traffic Court regarding

My appearances before the Court and getting my driver's license reinstated within the time granted by the Court. **NOTE:** The City of Bartlett Traffic Citation was issued on March 21, 2013 at 10:52 pm and the Bartlett Police Department Arrest Report **confirms** my **correct** **address, social security number,** and **phone number** (three (3) weeks **after** I was listed as being 'at large' in a request for an Out-of-Custody Indictment and had an 'All Points Bulletin" issued for me). Yet, I **was not** arrested, taken into custody, or brought in for questioning/interview regarding the **false** "investigation" (that **never took place**) into the **false** allegations made against me. Moreover, I appeared in the Municipal Court of the City of Bartlett, Tennessee on April 24, 2013 (thirty-four (34) days **after** receiving the Traffic Citation) and was approached by the investigating detective (**Rebeka Anderson**) who **immediately** advised me that I **was not** under arrest and that she wanted to ask me some questions about a case that she was "**investigating**." However, when I requested to have an attorney present, **prior to any questioning**, the detective in charge/responsible for:

    **a)** listing me as a **fugitive 'at large'**
    **b)** requesting that I be **indicted** Out-of-Custody, and,
    **c)** issuing an '**All Points Bulletin**' for me,

**after** having **officially claimed** to have **searched for me** and called a phone number that was **no longer valid**, told me I was "**free to go.**" This is, now, fifty-four (54) days **after** her request was made to a Grand Jury.

**(5)** Juvenile Court of Memphis and Shelby County, Tennessee records (Docket No. Z0858), which **confirm** my **presence** and **accountability** throughout the **entire series** of proceedings (from March 28, 2013 until May 8, 2013) on a petition for a Motion to Suspend Visitation; **initiated** by the State's **very own** act of **directly contacting** my son's Mother and advising her to travel from Cantonment, Florida to Memphis, Tennessee, **specifically** and for the **sole purpose** of filing the petition in Juvenile Court. **Please be advised:** the Juvenile Court has an **official** record of my **address/place of residence** at the **beginning** of these proceedings and my **legal change** of address/place of

residence **during** the proceedings. This petition was filed on **March 21, 2013**, during the morning and afternoon hours of the **same day** I was issued the City of Bartlett Traffic Citation and a Certificate of Service gives unequivocal confirmation that the **NOTICE OF HEARING** was sent, via United States Postal Service, to the **exact same** address documented in the Bartlett Police Department's Arrest Report for the traffic citation. I **received** the Notice at my **place of residence** and responded by **physically appearing** before Shelby County Juvenile Court Judge, **David Ferguson** on **March 28, 2013** (**one (1) week later**). At this Hearing, my son's Mother addressed the Court and stated that she had been **contacted** by a **government official**, who advised:

a) I had been **indicted** for sexual abuse of a child

b) I was an **immediate threat** to our son

c) I was a **fugitive vagabond** with **no place to live**

d) She should, **without delay**, file a petition in Juvenile Court to suspend my upcoming visitation with our son (**six (6) months parenting time**) and to request **full custody**; **terminating** the Non-Custodial Parental Rights and Modified Custody Petition that I fought for **eighteen (18) months** to have **granted**, by way of proving myself to be the **more responsible parent** to our son (Docket No. W4847)

As a result of the allegations of my son's Mother, my **right** to have visitation with my son was **suspended** for **one (1) week**, pending further orders of the Court. On April 4, 2013, I appeared before the Juvenile Court and Judge Ferguson, opposite an **attorney** for the **Tennessee Department of Children's Services** (Barbara Deans), and "upon **proof** introduced in the **entire record**", the Court **ordered** that the Motion to Suspend Visitation (filed by my son's Mother, on March 21, 2013, as advised to her by a **government official**) be **denied**. On April 25, 2013, Juvenile Court Judge, **Curtis Person** issued a Court Order Appointing Guardian Ad Litem in Dependency and Neglect or Termination of Parental Rights and Allowing Discovery to **Johnna Duke**, Attorney at Law; **ordering** Ms. Duke to "**conduct an intensive investigation**" into the matters alleged in the Dependency

and Neglect claim(s) made by my son's Mother. During her investigation, Ms. Duke:

a) contacted me, **via phone** (which was the **exact same** phone number documented in the Bartlett Police Department's Arrest Report for the Traffic Citation **as well as** the phone number **on record** in my Juvenile Court Case File) to interview me and advise me of her investigation. During this interview, I advised Ms. Duke that the **alleged "victim's" Mother** had been **contacting me** (via phone, text, social media, and unexpected visits to my **newly changed** place of residence), then shared the contact info,

b) confirmed/verified my **legally changed** place of residence and the **suitable** environment/living conditions as related to the welfare and well-being of my son

c) contacted and interviewed the **alleged "victim's" Mother**, who advised Ms. Duke **that** she **had not** spoken to my son's Mother **nor** did she know of any means by which she would be able to contact my son's Mother (this was an **absolute and intentional falsehood**)

d) contacted and interviewed **my son's Mother**, who advised Ms. Duke that she **had been** in **frequent** contact/communication **with** the **alleged "victim's" Mother**, who **initiated** the **vast majority** of their **frequent** communication. This contact took place phone, text, and social media; very likely continuing as of today

e) contacted the Bartlett Police Department and was advised by the **investigating detective** that she "was **still in the process of conducting an "investigation"** and that charges against me "**may or may not** be filed; dependent upon the **outcome** of the "investigation". The detective made **no mention** of having listed me as being a fugitive, requesting an **Out-of-Custody Indictment**, issuing an **All Points Bulletin** for me, having a need to **interview me**, or having **actually** made contact with me on **April 24, 2013** in her conversation with Ms. Duke

On May 8, 2013, I appeared before the Juvenile Court and Judge Ferguson, opposite Ms. Duke, who advised the Court of **her** investigation's findings,

including the statements given by all persons she interviewed. NONE of these persons appeared before the Court, during this goverment instigated Dependency and Neglect Hearing, in support of ANY of the overwhelmingly false allegations made against me. Yet, secretly, a deliberate and wanton conspiracy to deny my right to Due Process of Law was continued by the government. Ms. Duke made it irrefutably clear to the Court that, based on the evidence obtained in her investigation, the allegations against me were unsupported and malicious in nature. Moreover, Ms. Duke expressed (at length) her suspicion of there being evidence suggestive of the two (2) women (my son's mother and the alleged victim's mother) acting in concert to purposely cause me harm; as my son's mother is reported as having openly wished death on me after the Court awarded me custody. Judge Ferguson, on the Court record, agreed with Ms. Duke and dismissed the petition against me.

On August 2, 2013, a Grand Jury issued a true bill Out-of-Custody Indictment and on August 5, 2013 Officer's from the Shelby County Sheriff's Office Fugitive Warrants unit arrested me at my place of residence; obviously making use of resources available to law enforcement, including the Bartlett Police Department, in locating me. On August 8, 2013, I appeared before Judge James C. Beasley in Shelby County Criminal Court - Division 10, for Arraignment. Despite having knowledge of ALL FACTS outlined in this GROUND, Assistant District Attorney General, Terre Fratesi proceeds to advise Judge Beasley and the Criminal Court that I had been a fugitive from justice, unable to be contacted or located (even by the alleged "victim's" mother); intentionally deceiving the Court and becoming the first of ALL attorneys involved in my case (prosecution and defense) to deliberately neglect the duty of candor to the tribunal. No remedy has ever been provided for the unlawful, unjust, and unconstitutional denial of my right to have a Preliminary Hearing in General Sessions Court, even though I have submitted numerous complaints over the previous six (6) years, regarding this grievous violation of Due Process.

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Although I have **Never** Met My Court appointed Appellate Counsel, **any** Appellate Counsel would/will be **strictly** limited to the issues within trial counsel's Motion for New Trial which corroborates a Sixth Amendment violation of a guarantee of effective counsel at trial.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: I have painstakingly implored to the Trial Courts, Board of Profess-ional Responsibility, Board of Judicial Conduct, TBI, DOJ, etc. to examine the Multitude of Material and favorable evidence, deliberately withheld by the State, in hopes of remedy. Some entities cannot assist, some will not assist.

**GROUND TWO:** Denial of Sixth Amendment right to a speedy trial by an impartial jury compulsory process for obtaining witnesses in My favor, and effective assistance of counsel. (Please see attached additional pages)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In the five(5) years between My indictment, arrest, arraignment, and the date of My actual trial (August 2, 2013-September 10, 2018), My case was passed around aMong three(3) separate prosecuting attorneys, three(3) separate defense attorneys, four(4) separate Criminal Court Judges, scheduled/rescheduled for trial six(6) separate times, and (according to My trial counsel) unexpectedly Moved to a different Criminal Court Division/Courtroom/Judge only a few days before the actual date of My trial (September 10, 2018). The first five(5) trial dates were scheduled in Shelby County Criminal Court-Division 10 by Judge James C. Beasley and the sixth trial date was scheduled by Judge Jennifer Nichols (in Division 10) who was, ultimately replaced by elected Judge Jennifer Mitchell (still in Division 10). However, less than one(1) week

(b) If you did not exhaust your state remedies on Ground Two, explain why: I have repeatedly addressed the issues within this Ground from the Criminal Court venues to the Board of Judicial Conduct (who, twice, gave a computer generated response). The primary issue in this Ground involves the corruption of the State. Who has and continues to Methodically sabotage any applicable remedy. Federal intercession is My only hope of any true remedy.

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: As of today's date, I have not Met My Court appointed Appellate Attorney, who will be strictly limited to the frivolous issues My trial counsel included in a purposely fraudulent Motion for New Trial, ridiculed by the trial court on record.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

**Docket or case number (if you know):** N/A

prior to the September of 2018 trial (according to trial counsel, **Ralph Tolve Gibson**),
Judge Mitchell **abruptly "refused"** to try my case and had it **moved** to Shelby
County Criminal Court **Division 9** to be tried by Judge **W. Mark Ward.** By way of
in-house-mail (from the jail to Criminal Court **Division 10**), I sought confirmation
and validation of Mr. Gibson's claim regarding Judge Mitchell's spur of the moment
refusal. However, I have gotten **No response** from Criminal Court **Division 10** or
Judge Mitchell since my in-house-mail was sent on **April 25, 2019.**
With regard to a **speedy trial,** it is of **extreme significance** to note that the
2018 prosecuting attorneys (at my trial) **falsely advised** the trial court, trial
jury and, thereafter, the sentencing court that I (the Defendant) was
responsible for the nearly six (6) year delay in the alleged "victim" having "justice"
and "her day in court." However, and in **withheld truth,** my case was **scheduled
for trial** in: (1) **November of 2014,** (2) **November** of **2015,** (3) **September of 2016,**
(4) **April** of **2017,** (5) **October of 2017,** and (6) **September of 2018**; the **only**
continuance requested **by me** (the Defendant) being **in the midst** of the
**second** scheduled trial (**November of 2015**), which was **granted** on the day
**after** jury selection. Moreover, this continuance was granted to it being
**openly revealed** to the trial court that my court appointed trial counsel
(Samuel Perkins - BPR # 11857) had been **deliberately deceitful and untruthful**
(to myself **and** the trial court) about having subpoenaed a **number** of witnesses;
in fact, having subpoenaed **NO ONE** and planning on conducting my "defense"
with absolutely **NO witnesses** for my defense **AT ALL.** Mr. Perkins also displayed
**extremely reckless, harmful,** and **unprofessional** behavior during the jury
selection process by discussing facts of the case in front of potential jurors
and openly asking to "borrow" the State's power point presentation to explain
his "defense theory/strategy"; showing a **complete lack** of being prepared for
trial. Mr. Perkins, thereafter, petitioned the prosecutor (**NOT** the trial court)
for "emergency funds" to get a witness (who was **material,** yet **never**
subpoenaed) brought from California to Memphis (**overnight**). As a result
of this **irrefutable display** of Ineffective Counsel, Judge Beasley **removed**
Mr. Perkins from my case, **cancelled** the November of 2015 trial, and **granted my**

request for a continuance; My **only** request for a continuance, **ever**. **ALL** other continuances (including the **very first** scheduled/cancelled trial date of **November 17, 2014**) were **requested** by and/or **granted** to the **government**. Therefore, by **falsely advising** the **September of 2018** trial jury that I (the Defendant) was the party responsible for the **nearly six (6) year delay** in bringing the case to trial, while **deliberately withholding** the truth of the **government** (itself) being **chiefly responsible** for the inexplicable and unjustified trial cancellations (especially the very first) and the **extreme delays** that followed, the State **intentionally deceived** the trial court and jury; **purposely** creating an undue prejudice against My defense. The significance of the request for a continuance that I was granted on **November 10, 2015** is

(1) the State had **already** cancelled the **November 17, 2014** trial **after** subpoenaed **government witnesses** submitted their **official records/reports** on October 24, 2014, which contain **overwhelming** evidence that is **material** and **favorable** to My defense and

(2) on **November 10, 2015** (the day **after** jury selection in My **second** trial date), the trial court and trial jury had **both** witnessed the **overwhelming proof** of the violation of My **Sixth Amendment** guarantee of having **effective assistance of counsel** and the trier of fact (himself) cancelled the trial and **removed** Mr. Perkins as trial counsel due to the **fact I would not** have received a fair trial continuing with him as counsel.

**Please be advised:** At **No point** during the following **four (4)** continuances did I voluntarily waive right to having a **speedy trial** by "consenting" to the continuances **requested** by and/or **granted** to the **government**. Upon the advice of My privately retained counsel (Ralph Tolve Gibson), I was told to concentrate on maintaining My academic status as a star honors student at My university; placing blind faith in a privately hired attorney who ultimately, proved himself to be as ineffective and unprepared for **ANY** of the possible four (4) trial dates as Mr. Perkins had been, by making **NO objection** to speedy trial violations (**pre trial**) or to the State's **false claim** of Me (the Defendant) causing the **extreme delay** (during and after

trial). In fact, the **involuntary** waiver of **any** Constitutional right is **directly** due to dereliction of fiduciary duty by attorneys Clifford T. Abeles, Jr.-BPR #017225, Samuel Perkins-BPR #11857, and Ralph T. Gibson-BPR #014861 in failing to advocate my protection of such right(s), including **(but NOT** limited to):

(1) a Preliminary Hearing and a remedy for having been wrongfully denied **one**

(2) any applicable pre-trial evidentiary hearing(s)

(3) a speedy trial / a **fair** trial

(4) compulsory process for obtaining witnesses in my favor

(5) having the effective assistance of counsel during any court proceeding

Collectively, these three (3) attorneys have:

(1) Withheld evidence (material, favorable, and exculpatory) from the court (pre-trial and post-trial)

(2) alerted the state and state's witnesses-in-chief to information and evidence requested in attorney-client confidentiality; assisting the State in withholding evidence from the court and prolonging the production of official records that **should have been** in the direct possession of the government upon request for discovery (i.e.- Department of Children's Services Records, Forensic Hospital Records, Affidavit of Complaint), but **were NOT. No** Affidavit of Complaint has **ever been** produced.

(3) held **NO** pretrial hearing(s) to examine and/or challenge the validity of the State's evidence, obtain testimony (under oath) from witnesses who **would have been** naturally inclined to be State's witnessess (but whose official records / reports were favorable to my defense) or challenge the State's failure to comply with providing a written response to all evidentiary motions at least ten (10) **days prior** to hearings on such motions. The State's response was given approximately **two and one-half** (2½) years **after** the hearing on a Motion for a Bill of Particulars and the Motion had been **granted**

(4) lied about having subpoenaed material witnesses and failing to / lied about calling and/or interviewing **material/expert/government** and other

witnesses **already** subpoenaded

(5) given the State information **Not** subject to disclosure; **opened the door** to evidence **Not** subject to disclosure during trial, then claimed the trial court erred in allowing the State's improper actions regarding the evidence (**Not** subject to disclosure) in which **defense counsel opened the door**

(6) sabotaged all pretrial remedies and chances for appeal by concealling the **wanton** denial of My Sixth Amendment guarantee of effective counsel **and** attempting to conceal the clear, **convincing** and deliberate conspiracy to contribute to the State's interests throughout **all** proceedings; **intentionally** engineering a verdict of guilt, denial of Motion for New Trial, and denial of any appeal in the future

Each of these defense attorneys are irrefutably responsible for the denial of My right to compulsory process for obtaining witnesses in My favor. Such witnesses **include** (but are **Not** limited to):

(1) Patrick Cici - Bartlett Police Department Assigning Administrative Officer on case (January 10, 2013) who could identify officer(s) who wrote statements in original police report (Report #130109-0015), since Detective Anderson claimed (under oath, at trial) to **Not** know the identity of officer making the original police report on January 9, 2013. NOTE: There is **No** Affidavit of Complaint in case file

(2) Jessica Laubacker - Bartlett Police Officer who issued traffic citation on March 21, 2013 and was present at My appearance in traffic court on April 24, 2013. This officer's report (Report #13-0000I393, Incident #1303210027) confirms My **exact** contact and personal information (matching the records of the Shelby County Juvenile Court). This witness confirms the **fact** that I **was Not** a fugitive and there **was No** All Points Bulletin for me at the time of her traffic stop. Moreover, it is clear that Detective Anderson **never** communicated **any** "investigation in progress" to this officer or the City of Bartlett Municipal Court.

(3) Brandon Thorton - Unidentified law enforcement officer on the State's original list of its witnesses, who was removed from the list of State's

witnesses **after the first trial** (November 17, 2014) was cancelled by the
State. To have been on this **original** list of State's witnesses, this officer
had to have material knowledge/testimony regarding my case. Considering
the **other** witnesses who were removed from this list, it is **very likely**
the material knowledge/testimony was **favorable** to my defense.

(4) Court Clerk, City of Bartlett Municipal Court - This unidentified person was
subpoenaed by **Clifford T. Abeles** (witnessed by Kevin P. Key, Criminal Court
Clerk) on the "third Monday in **May of 2014**" to appear before the Judge
of Criminal Court **Division 10** (Judge James C. Beasley) for a pre trial
Hearing scheduled on **July 31, 2014** (the **same** day as the State's Motion
on the Admissibility of the Forensic Interview and my Motion for a Bill of
Particulars). The subpoena advised the City of Bartlett Municipal Court
Clerk to bring a copy of **all records** related to (my name and date of birth)
and testify to the truth of such records. This Court Clerk **did not**
appear before the Criminal Court for the July 31, 2014 pre trial Hearing and
it was only **after** Mr. Abeles was removed from my case that I discovered
the existence of the subpoena duces tecum, the official records Mr. Abeles
obtained regarding the traffic citation/traffic court, and the **fact** that he
(Mr. Abeles) personally **elected** to have this witness **disregard** appearing
to testify to the truth concerning **all records** related to me (records
that were subpoenaed, received, and withheld from me) on July 25, 2014
(**six (6) days** prior to the pre trial Hearing on the records that **he** (Mr.
Abeles) had **secretly** subpoenaed. At the absolute **very least**, the
testimony of this witness would have given unequivocal confirmation
of the government's **wanton false** portrayal of me being a fugitive;
resulting in the denial of my right to having a Preliminary Hearing.

(5) Kandis Saulsberry - The Tennessee Department of Children's Services
Child Protective Services Investigator (on the State's **original** list of
witnesses) who **falsely** claimed I was unable to be contacted, **falsified**
a government document (stating the alleged "victim" had contracted
**gonorrhea**; presumably from me), and **refused** to release **her report**

or the Memphis Child Advocacy Center's records/reports, as reasonably requested by the University at Mississippi Children's Justice Center Forensic Examiner and staff (while simultaneously requesting the records/reports of the **out-of-state/out-of-jurisdiction** Forensic Examination being conducted to the State's **full awareness**, according to the **withheld** report of the Forensic Examiner (herself)). Ms. Saulsberry's **documented** acts of malice are clear and convincing acts official Misconduct by the government's **very own** "investigators." After the State cancelled my first trial, it also removed Ms. Saulsberry from its list of witnesses.

(6) Barbara Deans- Attorney for the Tennessee Department of Children's Services who was present at my **second appearance** in Shelby County Juvenile Court on **April 4, 2013**, after the State instigated the filing of a petition to suspend and/or terminate my parental custody rights to my son. This appearance was after my visitation with my son had been suspended for exactly **one(1) week** following the **first appearance** on March 28, 2013; while the Court gave further orders. During the April 4, 2013 proceeding, Ms. Deans made **absolutely NO mention** of interaction and/or correspondence with **the State** (who had **already** instructed law enforcement to prosecute by way of **indictment** on February 28, 2013). **Detective Anderson** (who had **already** claimed I was a fugitive and requested an **out-of-custody** indictment on **March 1, 2013**) or Ms. **Saulsberry** (who is an "investigator" in the Tennessee Department of Children's Services; the **same agency** as Ms. Deans, herself). Again, my **repeated** appearances before **all courts** (as instructed) is clear proof that I **was NOT** a fugitive and that the government's "investigation" was a **complete** sham/fraud, intended to purposely deprive and deny me rights as prescribed by the Constitution. The Court (Judge David Ferguson) **denied** the petition to suspend and/or terminate my parental rights (in the presence of Ms. Deans), then took even further action, regarding a Dependency and Neglect Hearing scheduled for May 8, 2013. Ms. Deans is an **extremely material** witness regarding the **malicious** and **false** allegations put

before the Juvenile Court against me, but were **completely** unsupported by **any** government agency or "official" who had an **elaborate** role in initiating these specific Juvenile Court proceedings; calling me a threat to my son and other children.

(1) Carly Meredith, CFNP- The **first** medical professional to conduct an examination on the alleged "victim." This examination took place at the Greenwood LeFlore Children's Clinic in Greenwood, Mississippi (an **out-of-state/out-of-jurisdiction** facility) on January 22, 2013 (thirteen (13) days after reporting the alleged sexual assault to police in Bartlett, Tennessee). Ms. Meredith made a **false** report of the alleged "victim" having sustained a **very** specific injury (a **broken/not intact** hymen) which was **proven false** ten (10) days later during another facility's more thorough Forensic Examination. Ms. Meredith also released laboratory results that **clearly and irrefutably disproved** Ms. Saulsberry's report, which officially states, "gonorrhea was recovered from the genital culture." The testimony of Ms. Meredith regarding these issues is **absolutely critical** to what Tennessee classifies as being a **felony crime** (a false report of injury), which have been **clearly documented** in official reports/government reports made by Ms. Meredith (herself) as well as the Tennessee Department of Children's Services Child Protective Services Investigator (Kandis Saulsberry). NOTE: It is **solely** because of Ms. Meredith's examination and the **laws** of the state of **Mississippi** that the University of Mississippi Children's Justice Center became the facility responsible for conducting the Forensic Examination of the alleged "victim" in my case. **No** medical/forensic examination **has ever** been conducted in Tennessee regarding my case and the laws of **Tennessee**. Therefore, it is **equally critical** to examine **why** the government of Shelby County, Tennessee **approved/authorized** the **first** medical examination of the alleged "victim" to be conducted at an **out-of-state/out-of-jurisdiction facility (thirteen (13) days after** a report made to police in Bartlett, Tennessee); a facility subject to the laws of a **completely different state** (Mississippi) while being **completely exempt** from the **criminal penalties** of the laws of Tennessee, regarding making **documented** false reports of injury.

(8) Carrie Regan Doleac, FPN- The University of Mississippi Children's Justice Center Forensic Examiner (on the State's **original** list of witnesses) who was subpoenaed by Assistant District Attorney General, Terre Fratesi (on October 15, 2014) to bring copies of **all** documents, reports, photographs, and audio/video recordings done in conjunction with the alleged "victim's" examination and to testify as to the truth of such evidence from November 18-20, 2014 (the week of my **first** scheduled trial). Ms. Doleac responded promptly and accordingly by forwarding the subpoenaed evidence (via Health Port Health Information Outsourcing Services- P.O. Box 409822 Atlanta, Georgia) to Terre Fratesi (Customer #1856650) who **paid for** and **received** this evidence on October 24, 2014 (Invoice #0156882268). This was approximately twenty-four (24) days **before** the **first** scheduled trial. Of **profound** and **extreme** significance, Ms. Doleac's records and reports affirm the following:

    a.) the alleged "victim's" hymen was **intact** with a posterior rim, annular in configuration; **NOT** "**broken**" or "**NOT intact**" as falsely documented in the initial medical examination at the Greenwood LeFlore Children's Clinic

    b.) the Tennessee Department of Children's Services Child Protective Services- Investigator (Kandis Saulsberry) refused to comply with the Children's Justice Center's request for a copy of the alleged "victim's" case file/ forensic interview, while requesting a copy of the Children's Justice Center Medical reports; **concealing** her (Ms. Saulsberry's) **false** report of the alleged "victim" having contracted gonorrhea (February 4, 2013)

    c.) the Investigating Detective (Rebeka Anderson) **on at least** two (2) occasions (January 25, 2013 and February 3, 2013) tried to dissuade Ms. Doleac regarding her (Ms. Doleac's) duty to conduct the forensic examination. Ms. Doleac reports that Detective Anderson claimed to be **confused** as to **why** the alleged "victim" was being sent to the University of Mississippi Children's Justice Center for a forensic examination, since the "investigation" was in Memphis (although **No agency** in Tennessee arranged **any** medical examinations to be conducted at **any** (of a large number) medical facility **immediately** available within Shelby County;

In particular, Le Bonheur Children's Hospital, which is in the immediate proximity of the Memphis Child Advocacy Center (where the State conducted the Forensic Interview on **January 25, 2013**). Ms. Doleac further reports that during **this** 1/25/13 phone call (shortly **after** the Forensic Interview), Detective Anderson stated that the District Attorney General's office and the Memphis Child Advocacy were **already aware** of the Forensic Examination scheduled at the Children's Justice Center in **Jackson, Mississippi** on **February 1, 2013**. Thus, the government was **also aware** of the **initial** Medical examination at the Greenwood LeFlore Children's Clinic on January 22, 2013 (**three (3) days** prior to the Forensic Interview at the Memphis Child Advocacy Center). This **fact** is corroborated by Kandis Saulsberry's TDCS case recording summary entry **on January 22, 2013.** Therefore, from 1/9/13 - 1/22/13, the **State of Tennessee** (**including** Detective Rebeka Anderson) **deliberately** avoided arranging the required Medical services to be conducted within the jurisdiction of Tennessee, while **approving** a **two (2)** week delay for the alleged "victim" to be examined **out-of-state** by/at a facility that gave a report of an injury that was proven **false** by **this witness** (Ms. Doleac) **ten (10) days** later. In a **separate** phone call, on **February 3, 2013**, Ms. Doleac reports that Detective Anderson, "**again**," stated that she **did Not** want her (Ms. Doleac) to conduct the Forensic Examination, "**specifically** since the case was being investigated in Memphis." Being **clearly aware** and disturbed by the **fact** that Ms. Doleac's examination would **document** results **disproving** the results of Ms. Meredith's examination (**ten (10) days** prior), Ms. Doleac documents Detective Anderson's **Next attempt** to **stop** the Forensic Examination as having stated, "I don't want her further traumatized. I need her ready for court," in reference to the alleged "victim." Ms. Doleac reports that Detective Anderson claims to have spoken with **DHS** in Mississippi and having them advised that "Child Protective Services in Memphis" was the organization responsible for the case, **Not** DHS in Mississippi."

NOTE: If there exists/existed **any audio files** of **any** of the afore-mentioned phone conversations, initiated by Detective Anderson, such audio files **have been withheld** by the State of Tennessee, who subpoenaed such files on October 15, 2014

d) the alleged "victim" was evaluated for "**bed wetting**" issues. Despite **both parents'** advising Bartlett Police (in the **initial** interview/police report) that the alleged "victim" had a **history** of bed wetting (**long before ever knowing me**), Detective Anderson **falsely** reports that the alleged "victim" "**started**" wetting the bed **since** the incident in a Tennessee Department of Children's Services Child Protective Services Intake Summary on **January 24, 2013** (**two (2) days after** the **initial** medical exam in Greenwood, Mississippi and one (1) day **before** the Forensic Interview at the Memphis Child Advocacy Center). **Immediately** following this **false** report/statement, Detective Anderson reports that it was "**unknown**" if the alleged "victim" had any "**disabilities or delays.**" However, the Forensic Examiner (Ms. Doleac) **very clearly** stated, "**bedwetting** is an issue that can be **both** psysiologic **and/or** psychologic" and that at the alleged "victim's age", could be a **symptom** "of a **more complicated medical problem**, such as **diabetes** or renal dysfunction." It is of **material significance** to note that Ms. Doleac reports that the alleged "victim" has a **paternal** family history that is **positive** for **Diabetes.** Moreover, during the Forensic Examination, a medical doctor (Nancy Grant Wahl, MD) evaluated the alleged "victim" for a **two (2) month** history of **bed wetting** by performing a urinalysis, which revealed "**elevated glucose in the urine.**" This medical doctor further states, "the **bed wetting** was **originally** attributed to the abuse (alleged) but **now diabetes** is being considered." Therefore, in evaluating the alleged "victim" for a **two (2) month** period of bed wetting (when **both** parents have **already confirmed** the issue had been ongoing for **years**) it is revealed **actually** has a condition that is **hereditary** to her father. It is also noteworthy that Ms. Doleac that Ms. Doleac reports that the alleged "victim" has a **maternal** family history that is **positive** for

Schizophrenia. Whereas "bedwetting" is an issue that can be both physiologic (Diabetes) and/or psychologic (Schizophrenia), this is an additional fact of significance that corroborats Ms. Doleac's report. Moreover, the alleged "victim" and her Mother's history of this specific Mental illness is the subject Matter other violations of My Constitutional right to fairness.

e) the alleged "victim" is allergic to penicillins, has Never had gonorrhea prior to the Forensic Examination, and was Never treated for gonorrhea; her only "vaginal" problem having been a yeast infection, which is distinctly different from gonorrhea

(9) Christine Haynes- The University of Mississippi Children's Justice Center staff Member who corresponded with the Tennessee Department of Children's Services Child Protective Services Investigator (Kandis Saulsberry) on February 4, 2013 (one (1) day after Detective Anderson's call to Ms. Doleac,) and was denied/refused a copy of the Child Advocacy Center/Tennessee Department of Children's Services records/reports when requested by the Children's Justice Center. Ms. Haynes is documented as reporting having received a fax from Ms. Saulsberry, with a NON-specific disclosure of sexual abuse. Ms. Haynes has Material Knowledge of the Nature of her correspondence with Ms. Saulsberry, the lack of specification in Ms. Saulsberry's fax, and the exact specifics of the information released to Ms. Saulsberry (and the State) following their conversation(s).

(10) Nancy Grant Wahl, MD- The University of Mississippi Children's Justice Center Medical doctor who actually conducted a urinalysis that revealed elevated glucose in the alleged "victim's" urine; a factor More likely the cause of the alleged "victim's" "bedwetting" issue, considering the prior extended history of episodes (before Meeting Me) and family history positive for diabetes. This witness is Material to the testimony of the examination she (herself) conducted and results of such examination.

(11) Rebecca Mansell- The University of Mississippi Children's Justice Center Legal Advisor who received and forwarded the subpoena duces tecum

sent from Assistant District Attorney, Terre Fratesi (on October 15, 2014) to Forensic Examiner, Carrie Regan Doleac. The testimony of this witness is **material** to confirming the **receipt** and **transfer** of the subpoena duces tecum to the **designated** State's witness (Ms. Doleac) as well as the **exact nature** of its **legal instructions.**

(12) Joy Touliatos - The Clerk of Court for the Juvenile Court of Memphis and Shelby County, Tennessee whose testimony is **material** to **ALL facts** documented in Juvenile Court Records Case **#9157-01-76341** (Patrick Phillips) as well as facts regarding **all subpoenas** submitted by **the State** and **investigators for the defense** in relation to My case in **Shelby County Criminal Court.** Furthermore, the testimony of **this** witness, regarding the records/reports **within** My case file, is absolutely and irrefutably **material** to confirmation/ verification of My **exact whereabouts, contact information,** and **complete compliance** with **all instructions** given by the Juvenile Court during the State's false "investigation."

(13) Johnna I. Duke, Attorney at Law (BPR #016663) - the attorney appointed by Curtis S. Person, Judge of the Juvenile Court of Memphis and Shelby County, Tennessee to represent My son as **guardian ad litem** on **January 25, 2013.** Attorney Duke's duties included:

    a) conducting an "**intensive investigation**" into the matters/allegations that spawned the filing of the petition, which led to the Dependency and Neglect Hearing

    b) counseling and conferring with Myself and My son's Mother, **other caretakers, social workers,** and **other persons** having **knowledge** pertaining to the **welfare** of My son (this would include **ALL State's witness** (excluding the alleged "victim's" father), the Shelby County District Attorney General's Office, and **ALL other** witnesses who would be **naturally** inclined to testify on behalf of the State; the alleged "victim's" **younger sister,** in particular)

    c) observe current and potential **domestic environment** for My son's living arrangement (including My legally changed place of residence).

On May 8, 2013, Ms. Duke reported the findings of her investigation to Juvenile Court Magistrate, David Ferguson, and advised the Court as to the following:

a) having **contacted** me (via the contact information on file with the Court)

b) having **determined** my legally changed place of residence was a suitable domestic environment for my son

c) having gotten the alleged "victim's" Mother's contact number from me (**Not** the Bartlett Police Department **or** the Tennessee Department of Children's Services; Kandis Saulsberry **and** Barbara Deans), Ms. Duke **contacted** and interviewed the alleged "victim's" Mother, who lied about knowing my whereabouts (text messages confirmed her visits to my changed residence and **continued** communication) and about having any communication with my son's Mother (confirmed by an interview of my son's Mother)

d) having interviewed my son's Mother (Tiffany Richardson), who identified the "**government official**" who initially contacted her and advised the filing of the petition against me. Although I cannot remember the **name** of the individual(s) identified on the March 28, 2013 and May 8, 2013 Juvenile Court Record, **Ms. Duke** and **my son's Mother are witnesses** who, **both**, spoke the name(s) of the individual(s). Ms. Duke confirmed my son's Mother wishing death upon me on **January 8, 2012** (after I was awarded visitation) by telling me that she wanted me to die. Ms. Duke also confirmed ongoing (recent) communications between my son's Mother and the alleged "victim's" Mother; a confirmation that Ms. Duke had been lied to during the interview of the alleged "victim's" Mother regarding this specific issue.

e) having contacted and interviewed the Bartlett Police Department investigating detective (Rebeka Anderson), who advised Ms. Duke that an "investigation was in progress" and that "charges may or may not be filed, based on the outcome of the investigation," making **absolutely No Mention** of listing me as a fugitive

(sixty-plus (60+) days PRIOR) in a request for an out-of-custody indictment, having made contact with-me on April 24, 2013 (at the City of Bartlett Municipal Court) or needing/wanting to interview me, having already concluded any "investigation" and commenced prosecution by way of indictment (as per instruction of Assistant District Attorney Wallace) on February 28, 2013, or identifying the State's CPIT members (Assistant District Attorneys Wallace and Fratesi, Kandis Saulsberry, the Child Advocacy Center, and/or any others) to assist Ms. Duke in further investigating. Thus, with deliberate and purposeful intent, Detective Anderson lied to the guardian ad litem regarding every aspect of the false allegations and false prosecution enacted upon me by the State.

Having acted in the fullness of her duties as guardian ad litem, Ms. Duke gave the Juvenile Court an unwavering report in my favor; speaking at length about her suspicions of a conspiracy between my son's Mother and the alleged "victim's" Mother to cause malicious harm to me. Judge Ferguson, on the Court record, agreed with Ms. Duke's report to the Court and dismissed the petition against me. Ms. Duke is an exceptionally material witness to the professional, ethical, and moral turpitude of the State and its "investigators" as well as the alleged "victim's" Mother. In a concerted, deliberate, and wanton effort to rob me of my son, NO PARTIES having instigated/initiated the petition filed in Juvenile Court on March 21, 2013 came forward in support of it. Moreover, when interviewed by Court appointed guardian ad litem/investigator, the State's witnesses (who, later testified at my trial in 2018), openly lied (as can be proven with official records). Although the petition to suspend and/or terminate my parental custody rights was dismissed, my son has been kept from me since January of 2013 (before his 1/6/13, second birthday). Therefore, the government has succeeded in destroying my parental custody, the bond between father and son, and the psyche of my son

(himself) by having been robbed of his biological father due to a prosecution that was malicious from its very beginning.

(14) David Ferguson- The Juvenile Court of Memphis and Shelby County, Tennessee Magistrate who presided over and ruled upon Docket No. Z0858 (in my favor) having heard **ALL** reports/evidence presented to the Court between April 4, 2013 and May 8, 2013 by Barbara Deans (Attorney for the Tennessee Department of Children's Services) and Johnna I. Duke (Guardian Ad Litem) at the conclusion of an intensive investigation prescribed by the Court. This Magistrate is a **Material witness** to the State's **false portrayal** of me being a **fugitive at large** with invalid contact information; My presence being confirmed upon **ALL** instructions/notifications given by the Court (verbal and via mail). This Magistrate has **Material Knowledge** of the **testimony** of my son's mother and the **reports** made to the Court by Barbara Deans and Johnna I. Duke. **ALL** of this evidence is **Material** to Judge David Ferguson's ultimate ruling on the petition initiated by my son's mother and facilitated by the State; making Judge Ferguson a **Material witness** to the **facts/evidence** within these **reports**. Moreover, Judge Ferguson's **on the record** agreement with Miss Duke (on May 8, 2013) of there being evidence of concerted malice between my son's mother and the alleged "victim's" mother to cause me harm and injury is **profoundly Material**.

(15) Tiffany Alys Richardson- The mother of my son, who wished **death** upon me after the Juvenile Court awarded me custodial visitation and advised the Court that she was contacted by a ~~**government official**~~ who advised her:
    a) I was an **immediate threat** to our son
    b) I had been indicted for sexual abuse of a child
    c) it was in the best interests and safety of our son that she **immediately** travel from **Cantonment, Florida** to **Memphis, Tennessee** to file a petition in Juvenile Court to suspend and/or terminate my parental custody rights

Ms. Richardson has **Material Knowledge** as to **identifying** the government official(s) who contacted her; giving **false information**.

Furthermore, Ms. Richardson has **Material Knowledge** regarding the **Nature** of her **ongoing** conversations with the alleged "victim's" Mother; conversations that documents **Not subject to disclosure** (used **against Me** during trial) show **unquestionable** proof of the alleged "victim's" Mother **admittedly** having **secretly initiated (herself)** as early as August-September of 2012. Wheras, Ms. Richardson acknowledged the **ongoing** conversations/communications with the alleged "victim's" Mother in her interview with Guardian Ad Litem **Johnna Duke**, the alleged "victim's" Mother **flagrantly lied** to the Guardian Ad Litem about having **had any** conversations **whatsoever** with Ms. Richardson; **least of all**, having been **the initiator** of said conversations. Upon disclosure of **these facts** and **other evidence** gathered during Ms. Duke's investigation, both she and **Judge David Ferguson** determined that the conversations between the two (2) women were **Malicious IN Nature** and **undoubtedly meant** to cause Me harm. Thus, having admitted **ongoing Malicious** conversations/communications with My accuser(s), which were **initiated by My accuser(s)**, Makes the **origin** and **Nature** of these **Malicious** conversations **Material** to My defense/criminal case. **NOTE:** In an Amended and Supplemental Motion for Judgment of Acquittal or, in the alternative, Motion for New Trial, trial counsel (Ralph Tolve Gibson) admitted to surrendering the **seven hundred sixty-two (762) page** text Message thread that displays the alleged "victim's" Mother's **admission** of having **secretly** having initiated communications with Ms. Richardson for Malicious purpose(s). Although this text Message thread (detailing **every text** and picture Message exchange between Myself and the alleged "victim's" Mother from April of 2012 through June of 2013) was Material **Not subject to disclosure**, it was given to Mr. Gibson in **attorney-client confidentiality** for the sole purpose of the thread of Messages exchanged on **December 1, 2012** (will discuss later)

(16) Assistant District Attorney Wallace.– The Shelby County Assistant District Attorney General identified as a Member of the CPIT as early as February 14, 2013 in the Tennessee Department of Children's Services Case Recording Summary (Case ID # 4845036H) prepared Child Protective Services Investigator, Kandis Saulsberry. According to Ms. Saulsberry's report/summary, it was

ADA Wallace who instructed/advised Detective Anderson to begin prosecution against me by way of indictment on February 28, 2013. Ultimately, **ALL facts and evidence** indicate this **Malicious prosecution** was authorized **despite:**

a) a series of **changing and conflicting statements** made by the alleged "victim" between January 9, 2013 and February 1, 2013 during **various interviews**

b) having **irrefutable proof and possession of, both,** the Greenwood LeFlore Children's Clinic's **false report** of the alleged "victim's" hymen being "**broken Not in tact**" as well as the University of Mississippi Children's Justice Center's report, which **disproves any such injury**

c) having **irrefutable proof** and **possession** of, **both, a false official report** of the alleged "victim" having **contracted gonorrhea** (a report made by fellow **CPIT co-Member, Kandis Saulsberry),** while **also possessing** the **actual lab results** that, without question, **clearly confirm NO GONORRHEA** was recovered from the alleged "victim's" genital culture

d) having **HANDS ON possession** of the Forensic Examiner's reports/ records, which **clearly report:**

1.) Detective Anderson advising the Forensic Examiner the Shelby County District Attorney's Office **and** the Memphis Child Advocacy Center were **both** aware of the **out-of-state/out-of-jurisdiction examination(s),** while **she** (the **lead detective and CPIT co-Member**) was **UNAWARE;** having "**NO UNDERSTANDING**" as to why the alleged "victim" was being seen in **Mississippi**

2.) the alleged "victim" having a family history **positive for Schizophrenia,** which is hereditary to her **Mother** (whom evidence **UNequivocally proves** has **Methodically and purposely lied in every single interview** documented/recorded)

3.) Detective Anderson having made **repeated attempts** to unethically and/or unlawfully dissuade her (the Forensic Examiner) from, **both,** examining **AND** interviewing the alleged "victim"; recorded as **Specifically** stating, "**I need her ready for court**" as the reason the Forensic Examination **NEED NOT** be conducted.

Based upon **official** documents/reports/evidence **within** the discovery and **already** in the **direct possession** of the **CPIT** during its review, it is **resoundingly clear** that Assistant District Attorney Wallace has **unquestionable Material Knowledge** of the aforementioned **facts** as well as the decision to **begin** the **Malicious prosecution** against me by way of an **out-of-custody** indictment; **purposely denying** me the Constitutional right to Due Process of Law and the right to having a Preliminary Hearing.

(17) Assistant District Attorney General, Terre Fratesi - The Shelby County Assistant District Attorney General who was the **lead prosecutor** on my case in Shelby County Criminal Court Division 10 from the day of my Arraignment (August 8, 2013) until some time **after** having **personally cancelled** my **first Court** ordered trial date (November 17, 2014). Like Assistant District Attorney Wallace, Ms. Fratesi is identified as a member of the **CPIT** and had **direct possession** of the **same official documents/reports/evidence** and **Material Knowledge** of the **same facts** for at least **five (5) months PRIOR** to a Grand Jury returning a "true bill" indictment. However, while being **lead prosecutor** for **More than fifteen (15)** months, Ms. Fratesi **deliberately withheld** such facts from the Criminal Court; **intentionally neglecting** the duty of candor and purposely continuing a Malicious prosecution. This fact is corroborated by:

(1) Ms. Fratesi's blatant refusal to **EVER** introduce **ANY** of the **official** documents/reports/evidence, within the State's **direct possession**, to the court record and provide **Material** evidence to support an appropriate remedy for the **wrongful** denial of my right to having a Preliminary Hearing.

(2) Ms. Fratesi, **on the record**, deceitfully advising the Court that the State was "still **waiting for**" the Tennessee Department of Children's Services to "release" its **official records/reports** even **after** Judge James C. Beasley's **February 24, 2014** Order Scheduling Case for Trial, while boasting about having given "**open door access**" to the State's files on October 9, 2013. To **HAVE NOT** been in possession of official **government** documents/reports/**evidence** that are irrefutably **Material** to the **State's** prosecution against me, for a period of time between

August 8, 2013 and February 24, 2014 (one hundred ninety-eight (198) days), it is **unquestionably clear** that the State's **October 9, 2013** "open door access" was an open display of an incomplete/frivolous discovery **or resounding proof** that Ms. Fratesi had been intentionally deceiving the Court and purposely withholding the official documents/reports, while making repeated attempts to initiate **plea negotiations.** In either case, Ms. Fratesi (a **confirmed** member of the State's CPIT) acted with absolute wanton disregard of truth, candor, and fairness. Moreover, official documents/records/reports were withheld by Ms. Fratesi **and were not** released to me until **after** she cancelled my trial and **after** she was officially replaced as lead prosecutor. In fact, records requested **to** Mr. Abeles in attorney-client confidentiality, in late August of 2013, were intercepted by the State, **promised** to the Court at **numerous** report dates (**before** and **after** the Order Setting the Case for Trial), but were not release until March of **2015** (nineteen (19) months later); only to me and **not** to the Court. Furthermore, my receipt of the records was due **only** to having submitted **multiple** formal complaints to the Board of Professional responsibility regarding two (2) attorneys.

To remove **all doubt** concerning Ms. Fratesi's role in an intentionally malicious prosecution, the records from **both** medical facilities in Mississippi were **included with** the discovery I received in late August of 2013 (in limited portions). Nevertheless, there were **enough material facts** present in the separate medical records that were, **also,** material facts that **should have** presented to the Court (and Grand Jury) in a **duty of candor** on part of the **State.** For example, despite **any additionally** released evidence to the **initial** copy of the discovery given to me, two (2) bond reduction hearings were held with two (2) **completely different** outcomes. Based on the **lack of facts** presented at an October 1, 2013 hearing, Judge Beasley ruled that "**due to** the **nature of the charges,** the **one hundred fifty thousand dollar** (\$150,000.00) bond is fair." After submitting a formal complaint to the Board of Professional Responsibility, regarding my defense counsel's failure to address **any**

While we **continued living together** for approximately **twelve (12) weeks** after going to the Bartlett Police Department on **January 9, 2013.** Furthermore, Mr. Cox is a **Material** and **eye witness** to a clear **Motivating** factor for the alleged "victim's" Mother's **overall** untruthfulness, slander, and **false allegations** to **every entity** who has interviewed her; **a secret relationship** she had with a **third man** (aside from her husband and myself), to whom she was **ALREADY** familiar and comfortable enough to **Not only** "date", but **Move in** as soon as she had **Me** out of the way. These are **Material facts** given/reported by an **eye witness** to **two (2)** separate private investigators, who Judge Beasley deemed a **"Material witness"** (after reviewing statements from **other** witnesses he deemed **Material**), who was **Never called upon,** despite his willingness to **cooperate** and testify **on my** behalf regarding his **Material Knowledge** to these facts.

(23) **Expert Witness(es)** for the Defense — this includes an expert qualified to give testimony regarding:

a.) policies and procedures for reporting sexual abuse in the state of Tennessee

b.) policies and procedures for reporting sexual abuse in the state of Mississippi

c.) symptoms and characteristics of **Schizophrenia**

d.) forensic interviews and the signs of **witness coaching**

Although lengthy, it is **paramount** to directly **connect** the denial of **My** Constitutional right to the guarantees of the Sixth Amendment with the sheer and **overwhelming** Number of **facts** listed in this ground.

Date of the court's decision: _____ N/A

Result (attach a copy of the court's opinion or order, if available): _____ N/A

_____

_____

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ N/A

Docket or case number (if you know): _____ N/A

Date of the court's decision: _____ N/A

Result (attach a copy of the court's opinion or order, if available): _____ N/A

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : N/A

_____

_____

**GROUND THREE:** Denial of Fourteenth Amendment right to equal protection of the laws within the jurisdiction of the state of Tennessee (Please see attached additional pages for this Ground)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Throughout the State's investigation and prosecution, there have been **laws** within the jurisdictions of **two(2)** separate states (Tennessee and Mississippi) involved in My Shelby County Criminal Court case. ALL Medical and scientific examinations/evidence in My case were completed and gathered at **two(2)** separate facilities in the state of Mississippi. The alleged "victim" has **Never** been seen/examined at a Medical facility in the state of Tennessee **Nor** has she **ever** been examined by a physician/Nurse

Who is licensed in Tennessee. The alleged "victim's" Medical/physical/forensic examinations were subject to the laws of **Mississippi** and, in the case of the Forensic Examination, had **repeated attempts** made by the investigating detective to be thwarted. This fact is corroborated by the Forensic Examiner's (**Carrie Regan Doleac**) official report/log of the conversations. Ms. Doleac reports/records the investigative detective (**Rebeka Anderson**) having stated that **on (or before)** January 25, 2013 (the date of the Memphis Child Advocacy Center Forensic Interview), the Shelby County District Attorney General's Office **was already aware** of the Forensic Examination, scheduled for February 1, 2013 in Jackson, Mississippi. Likewise, the Memphis Child Advocacy Center **was already aware** of the Forensic Examination. This examination was scheduled as a **direct result** of the Greenwood LeFlore Children's Clinic's "**report** filed with **DHS** of Mississippi, referred to Justice Court in **Jackson, Mississippi** with Dr. Harriet Hampton" (filed by Carly Jo Meredith, CFNP)..... "Life Help Notified of patient. DHS will contact for referral." Thereafter, a **referral** was sent to the University of Mississippi Children's Justice Center in **Jackson, Mississippi** by Courtney Lebo. This is **the referral** that Ms. Doleac **repeatedly** advised Detective Anderson "**had to be honored**" during the detective's **repeated attempts** to dissuade Ms. Doleac from performing her **lawful duties**. Clearly, these **facilities, agencies,** and **individuals** are subject to the **laws** within the **jurisdiction** of the state of **Mississippi** and acted within the scope of those laws. **Moreover,** the alleged "victim" was **initially examined** at the Greenwood LeFlore Children's Clinic on **January 22, 2013** (thirteen (13) days **after** making a report to Bartlett Police and three (3) days **before** the Memphis Child Advocacy Center Forensic Interview) and the Tennessee Department of Children's Services Child Protective Services Investigator (**Kandis Saulsberry**) reported **having spoken** to staff at the Medical facility on the **same date** (Case Recording Summary Case ID: 48450364 Recording ID: 21040946). Based on Ms. Doleac's **logged report** of her **January 25, 2013** conversation with Detective Anderson, Ms. Saulsberry's **own report** on **January 22, 2013,** and the **known members** of the **CPIT,**

(Detective Anderson, Kandis Saulsberry, and Shelby County Assistant District Attorney Generals **Wallace** and **Fratesi**), it is **irrefutably clear** that the State had **undeniable foreknowledge** of the alleged "victim's" **initial medical examination** at the Greenwood LeFlore Children's Clinic in Greenwood, Mississippi on January 22, 2013; an **out-of-state/out-of-jurisdiction** medical facility and a Tennessee state composed investigative team that are **each** responsible for documenting **separate false reports** of injury on official records. Furthermore, it is **overwhelmingly clear** that **law(s)** applicable to the **jurisdiction** of the state of **Tennessee** (which mirror the **scope** of **law(s) acted upon** by the **aforementioned** facilities, agencies, and individuals in **Mississippi**) were **deliberately ignored** by the Shelby County government with **absolute wanton disregard** of such **law(s).** **Moreover,** violation of such **law(s)** are considered **crimes** in Tennessee, **complete** with **criminal codes** and **penalties.** As a **criminal defendant,** I had a **right** for a trial jury to **know:**

1.) the **State intentionally** and **maliciously** disregarded the **law(s)** prescribed by the state of Tennessee; deliberately **neglecting** its duty to **IMMEDIATELY** investigate **reports** of suspected child sexual abuse **LOCALLY,** within the jurisdiction of Tennessee

2.) the State was **instrumental** in the **scheduling** and **approval** of several out-of-state entities (facilities, agencies, and individuals), **not** subject to the **laws** or **penalty** of laws of **Tennessee,** being responsible for **ALL** medical and scientific evidence in my case

3.) a licensed **Mississippi** medical examiner **gave** a documented **false report** of injury (a broken/not intact hymen), which was proven **false** by a licensed **Mississippi** Forensic Examiner

4.) a **Tennessee** investigator and member of the **CPIT** gave a documented **false report** of injury **(gonorrhea),** which was proven false by laboratory technicians **licensed** in **Mississippi**

5.) the alleged "victim" made a **second statement** in **Mississippi,** that is **notably inconsistent** with regard to her **first statement** to police in **Tennessee,** and **drastically inconsistent** with regard to

a third statement (given only three (3) days after the second statement) to a Child Advocacy Center in Tennessee. Witnesses to the alleged "victim's" first statement (on January 9, 2013) were never identified and were not called to testify to their knowledge and recollection of their report(s). Witnesses to the alleged "victim's" second statement (on January 22, 2013) were not called to testify to their knowledge and recollection of their report(s), because they are not subject to the law(s) of the jurisdiction of Tennessee. Witnesses to the alleged "victim's" third statement (on January 25, 2013) testified to their knowledge and recollection of their report(s) at the September of 2018 trial. However, the alleged "victim's" under oath testimony (on July 31, 2014), regarding the admissibility of her third statement, was TOTALLY contrary to the documented statement itself. Despite repeated requests and ALL attorneys duty of candor, this testimony was deliberately withheld from the trial court and jury

6.) the investigative detective made repeated attempts to unethically and/or unlawfully dissuade the Forensic Examiner from performing duties prescribed by the state of Mississippi, while approving the false reports of another Mississippi facility; both facilities having no jurisdiction for being involved in my case. Moreover, this detective deliberately failed to act in accordance with Tennessee law(s) regarding the IMMEDIATE LOCAL action(s) to be taken upon a report of suspected child sexual abuse

7.) the State purposely denied me the right to having a Preliminary Hearing and a remedy to this unlawful denial by knowingly and maliciously creating a proven false portrayal of me being a fugitive at large, to obtain an unjust/prejudicial tactical advantage in proceeding with a malicious prosecution and purposely avoid under oath testimony from any of its witnesses prior to a trial

8.) My accusers (specifically the alleged "victim" and her mother) have a documented family history of schizophrenia that ALL attorneys

have **intentionally withheld** from the Court record throughout **ALL**
stages of My case, while having **full awareness.** Both accusers have
**openly stated proven lies in every single documented interview**
given; including an interview with an investigator appointed by the
Juvenile Court; who was **avoided** and **deceived** by the CPIT, although
having become involved as an investigator as a **direct result** of
actions recommended by the State.

Ultimately, it is **clear** that **two(2) separate states** were involved in the prosecution
of My case; **Tennessee** and **Mississippi.** I have **never** been advised regarding the
**laws of Mississippi** as related to My case; jurisdiction, false reports of injury,
interference with/obstruction of Forensic Examination, etc. Neither has the state
of Mississippi **ever** taken **any legal action** against the parties involved in
irrefutably committing these documented acts. Moreover, Neither has the
state of Tennessee taken **any action** regarding these and **other** unequivocal
**facts** that identify such acts as **criminal** by **its own law(s).** My trial court
and jury **were not allowed** to hear testimony from **either/any** person(s) who
**actually examined** the alleged "victim," even though the **State** issued a subpoena
to Carrie Regan Doleac, FNP. **Nor** were they allowed to hear testimony from **any**
medical physician/professional holding a license and knowledgable of the
laws in **Tennessee**; giving me **no protection** of the **laws** of the jurisdictions
of **either** state and purposely denying Constitutional Fourteenth Amendment
right.

(b) If you did not exhaust your state remedies on Ground Three, explain why: I have repeatedly addressed the violations within this ground to the trial courts, Board of Professional Responsibility, Board of Judicial Conduct and other state entities. My only reasonable advice has been to seek federal intervention. The State has been instrumental in both, perpetrating the violations and sabotaging possible future remedies; warranting federal intercession.

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: No counsel for direct appeal has presented himself/herself. I am without counsel, although the Court advised on October 18, 2019 that counsel was appointed.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: N/A

**GROUND FOUR:** Official Misconduct and Official Oppression as perpetrated by the Shelby County government for the **wanton purposes** of gaining tactical advantage, causing undue prejudice, and obtaining an unlawful conviction.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(Please see attached additional pages) - From the genesis of the **false allegations** made against me, the Shelby County government has been **extreme** in the **nature** and **number** of unethical and/or unlawful practices used to **intentionally deprive** me of life, liberty, and property without due process of law. **In addition** to the **multitude** of violations outlined in the **previous grounds** that were **committed** by and/or allowed by the State, there are purely **malicious** acts that were committed that have **undeniably** caused **malicious** and irreparable injuries. These are **deliberate wanton** acts meant to purposely create an **extreme** and undue prejudice against me, while the State **knowingly** proceeded to **manufacture**

(b) If you did not exhaust your state remedies on Ground Four, explain why: The State (itself) continues to be the entity that has (and continues to) sabotage all potential/possible remedies where State courts would conduct a review. The Constitutional rights violations personify the corruption within the Shelby County government. The violations committed by the State, throughout my **seven**(7) year case, have been **so** flagrant that federal inspection/investigation/review is absolutely **necessary** in the interest of justice.

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: As of today's date (approximately sixteen (16) days since writing ground one), I still **have not** received ANY communication from my Court Appointed Appellate Counsel, Monica Timmerman

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

a wrongful conviction that is unlawful, unjust, and unfair. While the Constitution of the United States prohibits the government of any state from unfairly causing such deprivation, the facts in my case show that the government of Shelby County, Tennessee actively and very flagrantly violated these prohibitions by purposely abusing various resources at its disposal to create and develop undeniable prejudice against me pre-trial; effectively tainting the presumption of "innocent until proven guilty." These resources included law enforcement agencies, the media, and the overwhelming power of influence and perception. Prior to my wrongful arrest (in 2013) and after my pre-trial release (in 2015), the State falsely portrayed me as being a wanted fugitive; causing catastrophic hardships (material, financial, mental, emotional, etc.), terminations of gainful employment, evictions/homelessness, and the destruction of relationships (due to the obvious stigma attached to the publicized false portrayals). This includes a multitude of social, academic, professional, and personal relationships. In fact, it would be profoundly unsound and unrealistic to suggest that the government's purposely malicious exploitation of its resources in stigmatizing me would result in ANY outcome, other than a stigmatic impression left upon all persons witnessing; creating/engineering an undeniable bias and prejudice against me. For example:

On March 14, 2016, I submitted a letter to the WMC Channel 5 News Digital Content Staff, requesting to be removed from a continued public post on its website titled, "SLIDESHOW: Winter 2016's Most Wanted, which listed me as a wanted fugitive from justice for 'Rape of a Child', since January 20, 2016. Please be advised: I had been given a Court ordered report date of January 15, 2016, which I accidentally confused with another date. Upon realizing my error, I immediately contacted the Court and a local attorney, prior to the close of business on January 15, 2016, and was placed on the February 3, 2016 docket to resolve the matter of my accidental failure to appear. On February 3, 2016, the local attorney and I were present before the Court, explained the accidental confusion with a separate date, and Judge James C. Beasley recalled the bench warrant issued for my failure to appear (warrant #16001830). I was

still searching for a Criminal defense attorney to represent My case and was sternly advised by the Court that My trial was being set for a date in September of 2016 (seven(7) MoNTHs later) and, with or without privately hired counsel, trial would be taking place with **No exception(s)**. Approximately five(5) hours **after** leaving the Court on February 3, 2016, I reported for duty at My place of employment (Alpha Omega Veterans Services). Upon My arrival, staff members advised Me that Fugitive Warrants officers had recently been there (in search of Me) and had gone to the Alpha Omega Veteran's Service Shelter where I resided and had left only Moments earlier. I immediately contacted the Sheriff's Department, advised the officer of having resolved the accidental failure to appear, and gave My exact location. Within an hour, Fugitive Warrants officers returned to My place of employment, after unlawfully persuading the Veterans Shelter's Property Manager (John) to allow an illegal search of My quarters. The officers presented **No warrant** for My arrest and, after Making physical contact with Me, simply left. Moreover, **No warrant** for My arrest was presented to Alpha Omega Veterans Services (employer **or** land lord). Instead, **both** were left with computer printouts, stating that I was wanted for child rape (and a fugitive from justice) since January 20, 2016 (approximately two(2) weeks prior); having **purposely** been given the impression that a child had been sexually assaulted on/at one of the organization's properties. I was given separation Notice on **February 5, 2016** as a result. I contacted the Shelby County Sheriff's Department Fugitive Warrants Division and received confirmation that the bench warrant had, **indeed**, been **recalled**. However, for approximately **ten(10) days** My photo remained on the **Memphis Most Wanted** website, before it was removed. On February 25, 2016 (while **unemployed and homeless**), I was contacted by an associate, having **No prior Knowledge** of My legal situation, who advised Me that I was wanted by law enforcement. A check of the Shelby County Sheriff's Office website showed there was **No active warrant whatsoever**. Upon asking My associate where they'd received such **false information**, I was sent

the direct URL to the WMC-Channel 5 News SLIDESHOW: Winter 2016's Most
Wanted. Ulike numerous individuals listed on the slideshow as being wanted
for 'failure to appear', I was listed as being wanted for 'rape of a child'
until the end of March of 2016 (approximately two (2) Months after warrant
#16001830 had been recalled). In a response from Channel 5 News staff, I was
advised that updates to its Most Wanted slideshow are based on weekly updates
received from the Shelby County government. Therefore, for eight (8) weeks, the
government failed to provide any update regarding Judge Beasley's recall of the
failure to appear warrant and were it not for my own correspondence with the
News channel, my false portrayal as a fugitive on this website would have been
indefinite; a plan of the Shelby County government, which is corroborated by
the facts stated by Channel 5 News staff. Nevertheless, the injuries sustained
and prejudice I experienced are unspeakable and undeniable. Furthermore, it
is overwhelmingly clear that the government's infliction of these injuries
was malicious and deliberate.

A second example of the State's malicious abuse of law enforcement occurred
in June of 2016. I had become employed by a company called TephSeal; an
independent detailing contractor for AutoNation Ford. On an off day, I received
a call from my supervisor (Garrett), who advised me that Fugitive Warrants
officers from the Shelby County Sheriff's office had been to the Auto Dealership
with a fugitive warrant for my arrest. A check on the Shelby County Sheriff's
office website revealed there, indeed, was an active warrant for my arrest.
My previous/last court appearance was on February 3, 2016, when Judge Beasley
(himself) recalled warrant #16001830 and scheduled a trial date for
September of 2016. There were no report dates in between. The general
manager of AutoNation Ford contacted the TephSeal District Manager (Jimmy)
and advised that I was to be immediately barred/banned from ALL AutoNation
properties. Consequently, I was also immediately terminated by TephSeal.
Under extreme duress caused by this act of the government, I was left with
no choice, except hiring an attorney with the financial resources immediately
available to me; not enough to hire an expert in sex offense cases, as I was

Working toward. Being **forced** to make **this impulsive decision** caused **monumental harm** to my case/defense; as Ralph Tolve Gibson (trial counsel) proved himself to be a pettifogger. Nevertheless, at a court appearance to **offically** become my attorney on record, the Court gave **No explantion** regarding the cause/reason a **bogus warrant** had been issued for my arrest. However, Judge Beasley stated (on the record) that he would "recall" the warrant. As of today's date, the nature of **this specific unmerited warrant** for my arrest remains **unexplained.** Furthermore, Mr. Gibson advised the Court that upon his attempt to sign my case file, the Court Clerk had advised him that the case fill was "**missing.**" Thereafter, Judge Beasley produced my case file from behind his bench, giving **No explanation** as to the reason the case file had been removed from the Clerk's office. **Clearly**, it was the government's **intention** to inflict/cause **malicious injury** to me by use of **defamation, coercion,** and **fraud.** I was **never** able to secure employment in the state of Tennessee again. Moreover, Judge Beasley **reneged** on the instruction/threat made on February 3, 2016, that I would **have to** proceed to trial in September of 2016; with **No exception** and **with** or **without** an attorney. However, Judge Beasley would cancel/reschedule the September of 2016 trial **as well as two (2) other** trial dates he **personally scheduled prior to** his **retirement.**

Another example of the State's **misconduct** was on its **cross-examination** of me during my September of 2018 trial, when the prosecuting attorney (Ms. D. Lepeard) implied that I had "**felony drug**" issues relating to my criminal background. This is **also** an issue the State raised during my sentencing hearing to be an **enhancement** factor. There are (and have **never have been**) **No "felony drug**" issues relating to my background. The fact that Mr. Gibson deliberately **opened the door** for the State to cross-examine my background **and** a text message file that **was not subject to disclosure,** then made a frivolous argument that the Court erred in allowing the State to do so (in his Motion for a New Trial), corroborates his contributions to the State's interest and the **assassination** of **any remedy** on direct appeal. In fact, **ALL** twenty-one (21) of Mr. Gibson's "arguments" in his Motion for a New Trial were denied; making

the entire Motion (itself) frivolous. Although I advised the trial court in detail with regard to ALL violations against me, I was forced to continue with Mr. Gibson as counsel through the Motion for a New Trial Hearing on October 11, 2019, which had been rescheduled by the Court a total of three (3) times after being initially scheduled on November 30, 2018. My sentencing hearing had been scheduled a total of three (3) times following trial.

The malicious acts committed against me by the Shelby County government are undeniable and the injuries I've sustained are undeniably permanent. The acts of malice were committed deliberately and with wanton disregard of truth, justice, and the Constitution. This fact is corroborated by the Shelby County government's very own proven history and nationally reported reputation of misconduct, withholding evidence, and corruption. For these reasons, I earnestly believe that federal intervention/intercession is my only true hope and remedy.

Name and location of the court where the motion or petition was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: **N/A**

13.     Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?     ☐ Yes     ☑ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:     Grounds One through Four have Not been presented, because Circumstances exist that render any State corrective process ineffective to protect My rights.

(b)     Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:
Grounds One through Four have Not been presented, because Circumstances exist that render any State corrective process ineffective to protect My rights

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?     ☐ Yes     ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.     N/A

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?     ☐ Yes     ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.     N/A

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: I did Not receive a preliminary hearing, due to the State falsely portraying Me as a fugitive during its investigation and in its request for an Out of Custody Indictment.

(b) At arraignment and plea: Clifford T. Abeles, Jr. – BPR# 017225

201 Poplar Avenue, Memphis, Tennessee 38103-1945

(c) At trial: Ralph T. Gibson – BPR# 014861

22 N. Front Street, Suite 650 Memphis, Tennessee 38103-2185

(d) At sentencing: Ralph T. Gibson – BPR# 014861

22 N. Front Street, Suite 650 Memphis, Tennessee 38103-2185

(e) On appeal: I was appointed Monica Timmerman on October 18, 2019. However, as of today's date, I have Never Met Ms. Timmerman, communicated with her, or received her contact info.

(f) In any post-conviction proceeding: NA, due to being unknown

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A, due to being unknown

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☑ Yes ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

Shelby County Criminal Court, Division 9, 7th Floor Criminal Justice Complex

201 Poplar Avenue, Memphis, Tennessee 38103

(b) Give the date the other sentence was imposed: November 30, 2018

(c) Give the length of the other sentence: Lifetime registry as a violent sex offender

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☑ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

N/A

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Investigate and examine the Constitutional violation committed by the State of Tennessee in my criminal case, then grant the appropriate remedy to my wrongful conviction (vacate or set aside)

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on **01/10/20** (month, date, year).

Executed (signed) on **January 10, 2020** (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____